UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **12-23683-CIV-MORENO**

DUCAT FLORIDA, LP,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## ORDER ADOPTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION AND ORDER SETTING HEARING

THE MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge for a Report and Recommendation on Wells Fargo Bank, N.A.'s Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law **(D.E. No. 13)**, filed on **March 22, 2013**. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 34)** on **October 24, 2013**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Alicia M. Otazo-Reyes' Report and Recommendation **(D.E. No. 34)** on **October 24, 2013** is **ADOPTED IN PART**. Count II of the complaint is DISMISSED with prejudice. Defendant's Motion to Dismiss is DENIED as to Counts I and III. ORAL ARGUMENT shall take place regarding Count IV, as set forth in more detail below.

## I. Background

This is a case in which the Plaintiff alleges theft of a payoff amount of a mortgage during the sale of a residential property. The Plaintiff, who stands in the shoes of the bank holding the seller's mortgage, alleges that the title agents conspired to steal the $1 million payoff check and concealed this fact from the Plaintiff for eight months by continuing to make the mortgage payments. Plaintiff alleges that on February 26, 2007, the title agents deposited the payoff check in the wrong account. Once the title agents stopped making the payments in October 2007, the alleged fraud came to light. Plaintiff commenced this action in state court on June 14, 2011.

The Court will address the various counts of the complaint in the order they were discussed by Magistrate Otazo-Reyes.

## II. Discussion

### A) Count II: Conversion

As discussed by Magistrate Otazo-Reyes, the Plaintiff's claim for conversion of the payoff check fails as a matter of law because Florida law precludes a payee from bringing a claim for conversion of a negotiable instrument absent delivery (actual or constructive) of the instrument to either the payee, a copayee, or the payee's agent. *Attorney's Title Ins. Fund., Inc. v. Regions Bank*, 491 F. Supp. 2d 1087 (S.D. Fla. 2007). Magistrate Otazo-Reyes concluded the delivery requirement was not satisfied. The conversion claim is disposed of on this basis alone; the Court does not need to reach the statute of limitations issue raised by the Magistrate Judge.

Accordingly, it is **ADJUDGED** that Count II is DISMISSED with prejudice.

### B) Count III: Breach of Fiduciary Duty

Magistrate Otazo-Reyes first concludes that the breach of fiduciary duty claim fails because

the statute of limitations has expired. Because the last element constituting a cause of action for breach of fiduciary duty is the occurrence of damages, she reasons, the breach of fiduciary duty claim accrued when the payoff check was deposited because that is when Plaintiff was damaged by the loss of the payoff funds. She states that the title agents' acts of concealment do not implicate the continuing tort doctrine. Therefore, she concludes, the claim fails as a matter of law because the statute of limitations for bringing the conversion claim has expired.

Magistrate Otazo-Reyes' opinion is based on the idea that the claim accrued on the date the payoff check was deposited in the wrong account, i.e., February 2007. The Magistrate Judge states that the eight months of continued payments following the allegedly fraudulent deposit "were acts of concealment" rather than "continual tortious conversion acts" such that the continuing tort doctrine would apply.

Plaintiff counters that the eight-month period of concealment was part of the tort and the statute of limitations should start running at the time the continued payments stopped, i.e., October 2007. Plaintiff relies on the proposition that a continuing tort is "established by continuing tortious acts, not by continual harmful effects from an original, completed act." *Suarez v. City of Tampa*, 987 So. 2d 681, 686 (Fla. 2d DCA 2008).

Because the complaint must be construed in the light most favorable to Plaintiff at the motion to dismiss stage, it is possible that the concealment was not a "harmful effect;" rather, the alleged concealment may be construed as part of the tortious act. As a result, the statute of limitations may have started running at the end of the eight-month period (October 2007) and Plaintiff's filing of the lawsuit in June 2011 may have been timely.

In any event, Florida courts have held that whether the continuing tort doctrine applies to a

particular set of circumstances is a question for the trier of fact and cannot be decided on a motion to dismiss. *See Carnival Corp. v. Rolls-Royce* PLC, No. 08-23318-CIV, 2009 WL 3861450 (S.D. Fla. Nov. 17, 2009)(citing *id.*; *Pearson v. Ford Motor Co.*, 694 So.2d 61, 67-68 (Fla. 1st DCA 1997). Therefore, the Court will not dismiss this count based on Defendant's statute of limitations argument.

Magistrate Otazo-Reyes also recommended that the breach of fiduciary duty count be dismissed because Plaintiff lacks standing to bring the claim. Defendant argued that, even though Plaintiff obtained an assignment from the payee on October 27, 2011, the assignment occurred more than four years after the deposit of the check in February 2007. Therefore, Defendant argues that the only claims assigned to Plaintiff were already barred by the statute of limitations. It is unclear exactly when the last payment was made to the bank. However, Plaintiff alleges it was in October 2007. Because the eight-month period of concealment ending in October 2007 may be part of the continuing tort, it is possible that on October 27, 2011, Plaintiff was assigned claims that occurred within that four-year period. Therefore, it is possible that Plaintiff was assigned claims for which the statute of limitations had not yet run and the Court will not dismiss this count based on lack of standing.

Accordingly, it is **ADJUDGED** that Defendant's Motion to Dismiss is DENIED as to Count III of the complaint.

C) Count I: Conspiracy

A conspiracy cause of action in Florida accrues when the plaintiff suffers damages performed pursuant to the conspiracy. *Olson v. Johnson*, 961 So. 2d 356, 360 (Fla. 2d DCA 2007). Magistrate Otazo-Reyes concluded that the statute of limitations period has run and that Plaintiff lacks standing

for the same reasons as stated with regard to the breach of fiduciary claim.

For the reasons stated above, this Court will not dismiss Count I based on the statute of limitations or lack of standing.

Accordingly, it is **ADJUDGED** that Defendant's Motion to Dismiss is DENIED as to Count I of the complaint.

D) Count IV: Constructive Fraud

The Magistrate Judge concluded that the constructive fraud claim is viable.

It is **ADJUDGED** that a hearing on the constructive fraud claim shall take place before the undersigned, United States District Judge Federico A. Moreno, at the United States Courthouse, Wilkie D. Ferguson Jr. Building, Courtroom 13-3, 400 North Miami Avenue, Miami, Florida 33128, on **Tuesday, January 7, 2014 at 2:15 P.M.**

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of December, 2013.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge Alicia M. Otazo-Reyes

Counsel of Record